[Crim. No. 4511. Second Dist., Div. One. Oct. 26, 1950.]

THE PEOPLE, Respondent, v. RAYMOND H. SMITH,
Appellant.

S. Ward Sullivan and William C. Ring for Appellant.

Fred N. Howser, Attorney General, and Gilbert Harelson, Deputy Attorney General, for Respondent.

DORAN, J.—Defendant was charged by information with the violation of section 288 of the Penal Code. A jury was waived. Defendant was adjudged guilty as charged. A motion for a new trial was denied and the appeal is from the order denying said motion.

The alleged victim is defendant's niece, 7 years old at the time the offense was committed, was 8 years of age on the day of trial.

Appellant's grounds of appeal include insufficiency of the evidence; abuse of discretion in denying defendant's motion for a new trial; denial of due process of law; errors relating to the introduction and exclusion of evidence and rulings on cross-examination.

Defendant was married to a sister of the child's mother. "The child lived with her mother and grandmother, Louise Wilt, and attended public school a block away."

Appellant's brief recites, "There is no question that, on some spring day after 2:30 p. m., when the prosecutrix returned home from school, her mother was absent and had arranged for prosecutrix and her four-year-old brother Randy to be cared for by the next door neighbor, Jennie Dunn; that, in defiance of the latter's instructions, prosecutrix ran away about a mile to defendant's house, where he was having two horses shod by a third party; that when defendant learned from the prosecutrix that she had run away from Mrs. Dunn, he telephoned the latter and told her that the child was with him; and that no complaint was made by the child for 3 or 4 months, depending upon the time of the occurrence referred to. No complaint was made to any law enforcement officer for over a month thereafter.

"The testimony as to subsequent events is in sharp conflict. Defendant denies all of the lewd etc. conduct claimed by the prosecution and the prosecution testimony that the mother called for the child, he claiming that, as soon as the horse shoeing was completed, he drove the prosecutrix to her home."

The little girl testified that after defendant finished shoeing the horse they went in the house. It would serve no useful purpose to recite the details of the offense; it is sufficient to note that they are typical.

■ A review of the record reveals the evidence to be sufficient and there was no abuse of discretion in denying the motion for a new trial. Appellant's contention with respect to the date is without merit; the offense relates to but one visit of the little girl to defendant's house and the defendant's testimony contains an admission of that visit. This fact also affects appellant's contention that the motion for a new trial should have been granted on the grounds of newly discovered evidence. The newly discovered evidence refers to an alibi defense with regard to the date May 20th. The information alleged the date of the offense to be April 19th but at the trial the date was established as May 20th. No request for a continuance was made by defendant when this situation developed at the trial. Moreover, as noted above, regardless of the date, appellant admits the occasion. In the circumstances, it does not appear that appellant could have been misled.

With regard to the trial court's rulings on the admission of evidence and rulings on cross-examination, no prejudicial errors appear.

The order is affirmed.

White, P. J., and Drapeau, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied November 22, 1950. Carter, J., voted for a hearing.